UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS LEE, Trustee of Lee Family Wealth
Trust (LFWT),

      Plaintiff,

  -v-

CITIBANK, VIKRAM S. PANDIT, CEO of Citibank;
BENJAMIN D. VELELLA, VP & Senior Counsel;
ANTHONY CORRENTI, Chief Respondent,

      Defendants.

**DECISION AND ORDER**
12-CV-566-A

---

## INTRODUCTION

Plaintiff, Thomas Lee,[1] has filed his third *pro se* action in this Court against Citibank and three individuals employed by it, including its former CEO, Vikram Pandit, Vice President and General Counsel, Benjamin Velella, and "Chief Respondent," Anthony Correnti, alleging, as he had in the prior two actions, that Citibank and its employees engaged in fraud in relation to its decision not to honor or redeem certain "gold bonds" or "gold notes." The bonds are described as "[a] US 1931 $500 m Federal Reserve Gold Note" and "[a] 1935 US 10 m Gold B." Plaintiff seeks monetary damages of more than 18 million dollars and punitive

---

[1] The Court notes that the plaintiff is purportedly listed as "Thomas Lee, Trustee of the Lee Family Wealth Trust (LFWT)." However, if the Lee Family Wealth Trust is truly the plaintiff in this action, the complaint would need to be dismissed because Thomas Lee is not a licensed attorney and therefore cannot represent the Trust. *See., e.g.. Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (A person who has not been admitted to the practice of law may not represent anybody other than himself.); *see also* 28 U.S.C. § 1654. The court therefore construes the complaint as being brought by Thomas Lee as plaintiff.

damages of one hundred and sixty million dollars. (Docket No. 1, Complaint, Sections 2C and 6.) Plaintiff has paid the filing fee.

The first two actions, *Lee v. Pandit*, *et al.*, 11-CV-0954A, and *Lee v. Pandit, et al.*, 11-CV-1086A, were consolidated because it was determined that they arose out of the same common questions of law or fact (11-CV-0954A, Docket No. 4, Order), and the consolidated action (11-CV-0954A) was dismissed but with leave to replead on the bases that plaintiff failed to plead subject matter jurisdiction and that the complaint failed to state a claim upon which relief could be granted and appeared to be frivolous. (*Id.*, Docket No. 4, Order.) Plaintiff filed an amended complaint, which was dismissed on the bases of lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted. (*Id.*, Docket No. 8, Order.) Leave to appeal as a poor person was denied because, pursuant to 28 U.S.C. § 1915(a)(3), the Court found that any appeal from the Order would not be taken in good faith. (*Id.*). Judgment was entered on June 14, 2012, and on June 18, 2012, plaintiff filed a Notice of Appeal. (Docket No. 10.)

Defendants have moved for an order, pursuant to Fed.R.Civ.P. 4(e) and 4(h), dismissing the instant complaint based on plaintiff's failure to properly serve the summons and complaint. (Docket No. 3.) Plaintiff has filed a number of memoranda of law (Docket Nos. 5, 9, 11, 12) and numerous other filings and letters (Docket No. 6, 7, 10, 13-22) with the Court either in response to defendants' motion to dismiss or

2

in relation to other issues that he believes are relevant to his action.[2] (Docket No. 6-7, 10, 13-22.) Defendants have also filed a reply memorandum of law. (Docket No. 8.) For the following reasons, the plaintiff's complaint is dismissed with prejudice because it is repetitive of the prior actions filed and thus frivolous. Additionally, defendants' motion to dismiss the complaint for lack of proper service, pursuant to Fed.R.Civ.P. 4(e) and 4(h), is granted.

**A. Repetitious and Frivolous**

Although this Court must liberally construe the pleadings filed by pro se litigants, *Haines v. Kerner*, 404 U.S. 519 (1972), it will not allow duplicative or repetitious litigation of identical causes of action. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive and dismissed under the authority of section 1915(e)"); *Blake v. Bentsen*, 1995 WL 428694, at *2 (E.D.N.Y. 1995) (directing dismissal of repetitious litigation as abusive and malicious); *see also Hawkins-El v. AIG Federal Savings Bank*, 334 Fed.Appx. 394, 2009 WL 1703229 (2d Cir., June 18, 2009) (Summary Order) ("'[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.'") (quoting

---

[2] One such letter is titled "The False Prophecy of one David Cheever of Citibank." The letter claims to be about "one suspicious character named David Cheever who posted comments on Banking Forum [o]n numerous occasions to claim having the inside track on the Court rulings of Civil Case No. 12-CV-2462 relating to my filed charge of Bank Fraud + Misconducts by Citibank Employees two days ahead the final judgment on September 20, 2012." The Court sees no relevance of this letter to plaintiff's claims and Case No. 12-CV-2462 is not a case number of this Court.

3

*Fitzgerald v. First East Seventh Street Tenants Corp.* 221 F.3d 362, 364 (2d Cir. 2000)).

Plaintiff has filed the same case on three separate occasions. The first two were consolidated and later dismissed. (11-CV-0954A, Docket No. 8-9, Order and Judgment.) The instant action involves the same facts pled previously in the first two actions. The only differences between the instant complaint and the prior ones is that Citibank is now added as a defendant and plaintiff appears to seek a greater amount in monetary damages. Neither of these differences affect the Plaintiff's factual or legal claims in any way. This action is the same as the other two actions filed previously and plaintiff has still not alleged a basis for subject matter jurisdiction nor has he stated a "claim that is plausible on its face." *See Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal quotations and citation omitted).

Despite trying to re-label his claim herein as "bank fraud," it is nonetheless appears from the facts pled that the "issue" at hand is still one of "Breach of Contract" as the prior complaints were labeled and construed. As discussed in the Order dismissing the prior consolidated action, the claims pled, however labeled, are state common law claims and plaintiff does not allege a basis of subject matter jurisdiction in this Court, under either 28 U.S.C. § 1332 ("diversity of citizenship" jurisdiction) or 28 U.S.C. § 1331 ("arising under" jurisdiction).[3]

---

[3] Plaintiff's breach of contract claim is not a federal claim arising under the Constitution, laws or treaties of the United States, and thus in the absence of diversity of citizenship jurisdiction the Court has no subject matter jurisdiction over it. *See Quagliano Tobacco & Candy Co. v. Mitchell*, CIVIL ACTION NO. 94-3788 SECTION "L", 1995 U.S. Dist. LEXIS 16795, at *3 (E.D. La., Nov. 1, 1995); *See also 1610 Corp. v. Kemp*, 753

4

The Court noted in its Order dismissing the consolidated action that a corporation is deemed to be a citizen of its state of incorporation and the state where it maintains its principal place of business, and thus adding Citibank as a defendant does not change the fact that the Court lacks subject matter jurisdiction over the claims pled herein and the prior actions because Citibank's principal place of business is alleged to be New York, New York. *See* 28 U.S.C. § 1332 (c)(1); *see also Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) *(*It is well-settled that "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.") (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Moreover, even if Citibank was diverse from plaintiff, the allegations set forth in the instant complaint do not plead "complete" diversity inasmuch as plaintiff alleges that the addresses of the individual defendants are also in New York. *Advani Enterprises, Inc.*, 140 F.3d at 160 (citation omitted). Plaintiff does not plead that the individual defendants' domiciles are different than his and other than New York. *See* 28 U.S.C .1332 (a)(1); *see, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998) ("Domicile is the place where a person has his true fixed

---

F. Supp. 1026, 1031-32 (D. Mass. 1991) (holding that a breach of contract claim did not present a federal question). Fraud is also a state common law claim that does not arise under the Constitution, laws or treaties of the United States. *See, e.g.*, *Herbst v. Vigianco*, 1999 WL 362960, at *3 (S.D.N.Y., May 26, 1999) (Plaintiff's claims, which appear to state claims for breach of contract, fraud or the like, are not federal claims under federal question (arising under) jurisdiction under 28 U.S.C. § 1331) (Report and Recommendation of United States Magistrate Judge accepted by District Judge).

home and principal establishment, and to which, whenever he is absent, he has the intention of returning.") (citation and internal quotation marks omitted)).

It is abundantly clear that plaintiff alleges the same facts, describes the same occurrences, and invokes the same basis for his requested relief as he had in the prior actions. Accordingly, the Court finds that the instant action should be dismissed with prejudice as repetitive, duplicative and frivolous.

**B. Service of Summons and Complaint**

As noted, the defendants have moved to dismiss the complaint on the basis that plaintiff failed to serve the summons and complaint properly. *See* Fed.R.Civ.P. 4(e) and 4(h). As defendants point out, plaintiff has conceded on more than one occasion that summons were sent on June 20, 2012 to defendants via Registered Mail by the United States Postal Service. (Docket No. 3-6, Defendants' Motion to Dismiss, Memorandum of Law, at 3, and No. 3-1, Declaration of Barry J. Glickman, Exh. B--Plaintiff letter to Court dated July 2, 2012; Docket No. 6, Plaintiff's letter to Court, dated July 2, 2012 ("All above Summons [sic] were sent via Registered Mails by USPS service.") Service of the summons and complaint by Registered Mail is not a proper basis of service. See Fed.R.Civ.P. 4(e) and 4(h).

Fed.R.Civ.P. 4(e) provides:

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT
OF THE UNITED STATES. Unless federal law provides otherwise, an individual - other th
whose waiver has been filed - may be served in a judicial district of the United
States by:

(1) following state law for serving a summons in an action

6

brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed R. Civ. P. 4(h) provides:

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute and the statute so requires by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(c).

Neither of these two subparagraphs of Rule 4 provide for service of either an individual or corporation (banking association) by registered mail only. While service by mail is recognized under state law, *see* N.Y.C.P.L.R. 312-a, in order for service by mail to be effected properly under state law, a plaintiff must forward to defendant an Acknowledgment of Service by Mail with the summons and complaint, and service is not complete until and unless the defendant signs and returns the Acknowledgment of Service to the sender (plaintiff). This did not occur in this action. Similarly, while Fed.R.Civ.P. 4(d) provides for the "waiver of service" of a summons, plaintiff has not requested nor obtained a signed Waiver of Service from defendants as required by the Rule. Accordingly, plaintiff did not properly effect service of the summonses and complaints on defendants and defendants' motion to dismiss the complaint is granted. See Fed.R.Civ.P. 12(b)(5).

## **CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice and, additionally, the defendants' motion to dismiss the complaint for improper service is granted. The plaintiff is advised and cautioned that if he continues to file lawsuits in this Court that raise claims that the Court does not have subject jurisdiction over and/or are frivolous and/or fail to state a claim upon which relief can be granted, he will be subject to significant sanctions, including but not limited to monetary fines and an order precluding any future filings in this and other courts. *See* Fed.R.Civ.P. 11; *In re McDonald,* 489 U.S. 180, 184 n. 8 (1989) (It is

8

well-established that the federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") (quoting *In re Martin-Trigona,* 737 F.2d 1254, 1261 (2d Cir.), *cert. denied* 474 U.S. 1061 (1986)).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's that the complaint is dismissed with prejudice and, additionally, defendants' motion to dismiss the complaint is granted; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 25, 2012